FILED

NOV 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARMOND HOVSEPYAN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-71349

Agency No. A097-359-723

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2011[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Armond Hovsepyan petitions for review of the decision by the Board of

Immigration Appeals ("BIA") denying his claims for asylum, withholding of

removal and protection under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. Because we conclude that substantial evidence supports the BIA's decision, we deny the petition for review.

The facts of this case are known to the parties. We do not repeat them.

We review adverse credibility findings for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). Because the BIA summarily affirmed the decision of the Immigration Judge ("IJ") through its streamlining procedures, we review the IJ's decision. *See Lanza v. Ashcroft*, 389 F.3d 917, 919 (9th Cir. 2004). To the extent Hovsepyan argues these procedures violated his due process rights, we have already rejected that argument. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir. 2003). We also reject Hovsepyan's assertion that improper translation at his hearing violated due process. *See Arden V. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) (noting petitioner must demonstrate prejudice from any claimed translation error).

To support an adverse credibility finding, the IJ must articulate "specific, cogent reasons that are substantial and bear a legitimate nexus to" the credibility determination. *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir. 2003). Any inconsistencies cited by the IJ must go to the "heart" of the petitioner's claim. *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006). Thus, we will uphold the credibility finding "as long as one of the identified grounds underlying the

credibility finding is supported by substantial evidence and goes to the heart of [Hovsepyan's] claims." *See Kin v. Holder,* 595 F.3d 1050, 1055 (9th Cir. 2010).

We conclude that substantial evidence supports the IJ's adverse credibility determination because Hovsepyan's inconsistencies concerning the arrest of his brother and the break-in at his family's home go to the heart of his claim. We have recognized that an inability to remember trivial dates may not support an adverse credibility determination. *See Wang v. Ashcroft*, 341 F.3d 1015, 1021-22 (9th Cir. 2003). In this case, however, Hovsepyan's repeated inconsistencies were not trivial, but rather undermined his version of events "central to" how he was persecuted and why he fled. *See Singh*, 439 F.3d at 1108.

Without credible testimony, Hovsepyan has not established either the well-founded fear of persecution required for asylum and withholding of removal or the likelihood of torture required for CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003). We therefore uphold the BIA's denial of Hovsepyan's applications for relief.

DENIED.